ALLACCESS LAW GROUP
Irene Karbelashvili, SBN 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, SBN 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

LAW OFFICE OF KENNETH J. PINTO
Kenneth J. Pinto, SBN 221422
kenpinto1@yahoo.com
586 N 1st St, Ste 113
San Jose, CA 95113
Telephone: (408) 289-1765 F
Fax: (408) 289-1754

Attorneys for JASON VOMACKA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JASON VOMACKA,<br><br>                    Plaintiff,<br><br>vs.<br><br>PAN CAL PRINCETON PLAZA LLC;<br>WALGREEN CO., dba Walgreens #03378;<br>RAOUL MORCATE, dba Cup and Saucer;<br>and DOES 1-10, Inclusive,<br><br>                    Defendants. | Case No.<br><br>***Civil Rights***<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br><br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. SUMMARY

1. This is a civil rights action by Plaintiff Jason Vomacka ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as:

- Princeton Plaza
  At or about 1375 Blossom Hill Rd,
  San Jose, CA 95118 (hereinafter "Princeton Plaza")

- Walgreens
  At or about 1376 Kooser Rd,
  San Jose, CA 95118 (hereinafter "Walgreens Facility")

- Cup and Saucer
  At or about 1375 Blossom Hill Rd Ste 20,
  San Jose, CA 95118 (hereinafter "Cup and Saucer Facility")

(hereinafter collectively, "Facilities")

2. Pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.), and related California statutes, Plaintiff seeks damages and injunctive against:

- PAN CAL PRINCETON PLAZA LLC (hereinafter "Pan Cal");

- WALGREEN CO., dba Walgreens #03378 (hereinafter, "Walgreens");

- RAOUL MORCATE, dba Cup and Saucer (hereinafter, "Raoul Morcate");

- DOES 1-10, inclusive (hereinafter the "DOES 1-10 Defendants")

(hereinafter collectively, "Defendants")

## II. JURISDICTION AND VENUE

3. The federal jurisdiction of this action is based on the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12102, 12181-12183, 12201 et seq.(the "ADA"). Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California and the property that is the subject of

1  this action is located in this District in Santa Clara County, California.

2

3                          **III. SUPPLEMENTAL JURISDICTION**

4          4. The Judicial District of the United States District Court of the Northern District of

5  California has supplemental jurisdiction over the state law claims as alleged in this Complaint

6  pursuant to 28 U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is

7  because all the claims derived from federal law and those arising under state law, as herein alleged,

8  arose from a common nucleus of operative facts and arose out of the same transactions. The

9  common nucleus of operative facts and the subject transactions, include, but are not limited to, the

10  incidents where Plaintiff was denied full and equal access to and enjoyment of Defendants'

11  facilities, goods and/or services in violation of both federal and state laws when he attempted to

12  enter, use and/or exit Defendants' facilities as described below within this Complaint. Further, due

13  to this denial of full and equal access, Plaintiff was damaged. Based upon these allegations, the

14  state law claims, as stated herein are so related to the federal actions that they form part of the

15  same case or controversy and the actions would ordinarily be expected

16  to be tried in one judicial proceeding.

17

18                          **IV. INTRADISTRICT ASSIGNMENT**

19          5. This case should be assigned to the San Jose intradistrict as the real property which is

20  the subject of this action is located in San Jose, California and Plaintiff's causes of action arose in

21  San Jose, California.

22

23                                  **V. PARTIES**

24          6. Pan Cal, operates, manages, and/or leases Princeton Plaza.

25          7. Walgreens owns, operates, and/or leases the Walgreens Facility.

26          8. Raoul Morcate owns, operates, and/or leases the Cup and Saucer Facility.

27          9. DOES 1-10 Defendants own, operate, manage, and/or lease the Facilities, and consist of

28  a person (or persons), firm, and/or corporation. The true names and capacities of Defendants DOES

1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 10 inclusive  is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

11. Plaintiff is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff has been physically disabled since November 2014 after suffering a gunshot wound to the head and a stroke. Plaintiff has no use of his left arm and has very limited use of his left leg. Plaintiff is able to sometimes walk a short distance with a cane and uses a wheelchair for navigating in public. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff is a lifetime resident of California and currently resides in San Jose, California about half a mile from the Facilities.

**VI. FACTS**

12. Princeton Plaza is a shopping center, or other sales or rental establishment as defined under Title III of the ADA, 42 U.S.C. § 121817(E), and California civil rights laws. Civ. Code, § 51 et seq., and Health & Safety Code § 19955 *et seq*. Princeton Plaza is open to the public, intended for nonresidential use and its operation affects commerce.

13. The Walgreens Facility is a sale or rental establish and pharmacy as defined under Title III of the ADA, 42 U.S.C. § 121817(E)&(F), and California civil rights laws. Civ. Code, § 51 et seq., and Health & Safety Code § 19955 *et seq*. The Walgreens Facility is open to the public, intended for nonresidential use and its operation affects commerce.

14. The Cup and Saucer Facility is a restaurant, bar, or other establishment serving food or drink as defined under Title III of the ADA, 42 U.S.C. § 121817(B), and California civil rights laws. Civ. Code, § 51 et seq., and Health & Safety Code § 19955 *et seq*. The Cup and Saucer Facility is open to the public, intended for nonresidential use and its operation affects commerce.

15. Plaintiff lives near the Facilities and visits the Facilities frequently. During these visits, Plaintiff encountered barriers to access that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Facilities on a full and equal basis with able-bodied patrons. As a result of the accessibility barriers, Plaintiff experienced difficulties, discomfort, and/or embarrassment during each visit to the Facilities.

16. Plaintiff visits Princeton Plaza frequently to shop at the Walgreens Facility and to dine at the Cup and Saucer Facility. Some of Plaintiff's visits occurred on 8/27/2019; 8/30/2019; 1/19/2020; 1/26/2020. During all visits Plaintiff was persistently denied public accommodations because the Facilities were not and currently are not accessible to wheelchair users including Plaintiff.

17. When visiting Princeton Plaza Plaintiff was deprived the use of an accessible path from the public right of way. As a result, Plaintiff had no choice but to navigate across the parking lot in his wheelchair which exposed him to unreasonable risk of harm such as being struck by a vehicle backing out from a parking space. Plaintiff eventually found another entry point at Princeton Plaza

that appears to have a path of travel reserved for wheelchair users. This path, however, is not properly marked and Plaintiff remains fearful of being struck by a vehicle.

18. Some of Plaintiff's visits to the Walgreens Facility occurred on 8/27/2019; 1/19/2020; and 1/26/2020. Plaintiff needed to use the customer restroom at the Walgreens Facility on more than one occasion and was denied equal access because the restroom door was too heavy for Plaintiff to utilize with ease. Furthermore, the restroom door closed on Plaintiff before Plaintiff could get through the doorway.

19. Plaintiff enjoys dining at the Cup and Saucer Facility and has dined there numerous times including on August 30, 2019. During all of his visits, Plaintiff had difficulties with the entrance door to the Cup and Saucer Facility because it was too heavy and closed to fast. Consequently, Plaintiff had to struggle when opening the entrance door and had difficulties getting through the doorway on time prior to the door closing on him. Plaintiff also had difficulties with the customer restroom at the Cup and Saucer Facility because it too closed too fast and was too heavy for Plaintiff to use with ease.

20. Plaintiff intends to continue to visit the Facilities in the future since they are near his home, however, Plaintiff feels that Defendants' inability to comply with federal and state access laws is discriminatory because it prevents Plaintiff, and others similarly situated, from enjoying full and equal access to goods and services that are offered. Lastly, Plaintiff believes that such compliance is only possible through legal action.

21. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Facilities. While he could not make detailed measurements, he determined that the Facilities were also not accessible in multiple other ways, including but not limited to the following:

Princeton Plaza

- No path from public right of way
- ADA parking count is not adequate to the amount of parking stalls
- Parking has slopes over 2%

1    • "No parking" stamped in access aisle is faded

2    • No directional signage to areas of Princeton Plaza

3    • No wheelchair path of travel from ADA parking by Urgent Care to Little Gym

4
5    Walgreens Facility

6    • Center of toilet 19"

7    • Seat cover dispenser out of reach

8    • Toilet paper dispenser out of reach

9    • No handle on pull side of toilet stall door

10   • Toilet door heavy

11   • Toilet door fast closing

12   • Toilet door signage incorrect

13   • No directional signage on vestibule door

14   • Water fountain not accessible

15   • Photo machine does not provide proper clearance

16   • Pharmacy counter too high.

17   Cup and Saucer Facility

18   • Concrete cracks from ADA parking to Cup and Saucer Facility

19   • No ADA seating at booth seating

20   • No ADA seating at outside seating

21   • Side door too heavy

22   • Side door fast closing

23   • Front door too heavy

24   • Front door fast closing

25   • Restroom door doesn't have proper signage

26   • Restroom door too heavy

27   • Restroom door fast closing

28

Complaint for Injunctive Relief and Damages

- Restroom door lock double action
- Sink pipes are not insulated
- Mirror in restroom high
- Soap in restroom out of reach
- Paper towel in restroom out of reach
- Coat hanger in restroom out of reach
- Grab bars around toilet are not in proper position
- Toilet at 22 inches from sidewall.

22. Pan Cal knew that these elements and areas of Princeton Plaza were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Pan Cal has the financial resources to remove these barriers from Princeton Plaza (without much difficulty or expense), and make Princeton Plaza accessible to the physically disabled. To date, however, Pan Cal refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

23. At all relevant times, Pan Cal has possessed and enjoyed sufficient control and authority to modify the Princeton Plaza to remove impediments to wheelchair access and to comply with the 1991 and/or 2010 ADA Standards for Accessible Design and Title 24 regulations. Pan Cal has not removed such impediments and have not modified the Princeton Plaza to conform to accessibility standards.

24. Walgreens knew that these elements and areas of the Walgreens Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Walgreens has the financial resources to remove these barriers from the Walgreens Facility (without much difficulty or expense) and make the Walgreens Facility accessible to the physically disabled. To date, however, Walgreens refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

25. At all relevant times, Walgreens has possessed and enjoyed sufficient control and authority to modify the Walgreens Facility to remove impediments to wheelchair access and to

comply with the1991 and/or 2010 ADA Standards for Accessible Design and Title 24 regulations. Walgreens has not removed such impediments and have not modified the Walgreens Facility to conform to accessibility standards.

26. Raoul Morcate knew that these elements and areas of the Cup and Saucer Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Raoul Morcate has the financial resources to remove these barriers from the Cup and Saucer Facility (without much difficulty or expense), and make the Cup and Saucer Facility accessible to the physically disabled. To date, however, the Cup and Saucer Facility refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

27. At all relevant times, Raoul Morcate has possessed and enjoyed sufficient control and authority to modify the Cup and Saucer Facility to remove impediments to wheelchair access and to comply with the1991 and/or 2010 ADA Standards for Accessible Design and Title 24 regulations. Raoul Morcate has not removed such impediments and have not modified the Cup and Saucer Facility to conform to accessibility standards.

28. Plaintiff further alleges that the continued presence of barriers at the Facilities is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facilities; conscientious decision to the architectural layout as it currently exists at the Facilities; decision not to remove barriers from the Facilities; and allowance that the Facilities continue to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that Defendants are not in the midst of a remodel, and that the barriers present at the Facilities are not isolated or temporary interruptions in access due to maintenance or repairs.

29. These barriers to access are listed without prejudice to plaintiff citing additional barriers to access after inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* (9th Cir. 2008) 524 F.3d 1034, *Chapman v. Pier 1 Imports (U.S.)*

*Inc.* (9th Cir. 2011) 631 F.3d 939, and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## VII. FIRST CLAIM

### Americans with Disabilities Act of 1990

### *Denial of "Full and Equal" Enjoyment and Use*

### (Against all Defendants and each of them)

30. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 for this claim.

31. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

32. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Facilities during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

33. The ADA specifically prohibits failing to remove accessibility barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

34. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

35. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at

the Facilities without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

36. In the alternative, if it was not "readily achievable" for Defendants to remove the barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

37. On information and belief, the Facilities was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

38. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

39. Here, Defendants violated the ADA by designing or constructing (or both) the Facilities in a manner that was not readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

40. On information and belief, the Facilities were modified after January 26, 1992, independently triggering access requirements under the ADA.

41. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

42. Here, Defendants altered the Facilities in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Plaintiff, to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

43. The ADA also requires reasonable modifications in policies, practices, or procedures,

when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

44. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facilities, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

45. Plaintiff seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

## VIII. SECOND CLAIM

### Disabled Persons Act

### (Against All Defendants and each of them)

46. Plaintiff incorporates the allegations contained in paragraphs 1 through 45 for this claim.

47. The Facilities are place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Civ. Code, § 54 et seq.

48. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Civ. Code, § 54.

49. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Civ. Code, § 54.1(a)(1).

50. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, Civ. Code, § 54.1(d).

51. Defendants have violated the CDPA by, inter alia, denying and/or interfering with

Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

52. Pursuant to the remedies, procedures, and rights set forth in Civ. Code, § 54.3, Plaintiff prays for judgment as set forth below.

## IX. THIRD CLAIM

### Unruh Civil Rights Act

### (Against all Defendants and each of them)

53. Plaintiff incorporates the allegations contained in paragraphs 1 through 52 for this claim.

54. Facilities are a business establishment and, as such, must comply with the provisions of the Unruh Act, Civ. Code, § 51 et seq.

55. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Civ. Code, § 51(b).

56. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Civ. Code, § 51(f).

57. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Facilities

58. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

59. Pursuant to the remedies, procedures, and rights set forth in Civ. Code, § 52, Plaintiff prays for judgment as set forth below.

# X. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

### (Against all Defendants and each of them)

60. Plaintiff incorporates the allegations contained in paragraphs 1 through 59 for this claim.

61. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

62. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

63. Plaintiff alleges the Facilities are a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code § 19956.

64. Defendants' non-compliance with these requirements at the Facilities aggrieved Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.


# PRAYER FOR RELIEF

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the Facilities to modify the Facilities so that each provides full and equal access to mobility impaired persons, including Plaintiff, and issue a preliminary and permanent injunction directing Defendants to provide and maintain Facilities usable by Plaintiff and similarly situated persons with disabilities, including appropriate changes in policy. **Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section;**

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291;

6. Grant such other and further relief as this Court may deem just and proper.


Dated: June 16, 2020                    _____/s/_____
                                        Kenneth J. Pinto, Attorney for Plaintiff
                                        JASON VOMACKA


### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: June 16, 2020                    _____/s/_____
                                        Kenneth J. Pinto, Attorney for Plaintiff
                                        JASON VOMACKA